UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINO MANUEL PEREZ, | ) 1:08-CV-01701 JMD HC |
| Petitioner, | ) ORDER DENYING PETITION FOR WRIT OF ) HABEAS CORPUS |
| v. | ) |
| THE STATE OF CALIFORNIA, | ) ORDER DIRECTING CLERK OF COURT TO ) ENTER JUDGEMENT |
| Respondent. | ) ORDER DECLINING TO ISSUE CERTIFICATE OF ) APPEALABILITY |

Petitioner Lino Manuel Perez ("Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

Petitioner is currently in custody pursuant to a judgement of the Fresno County Superior Court. (Pet. at 2; Answer at 1). Petitioner was convicted by a jury of attempted second degree murder with personal infliction of great bodily injury (Cal. Penal Code §§ 187(a), 664, 12022.7(a)), assault with a deadly weapon with personal infliction of great bodily injury (Cal. Penal Code §§ 245(a)(1), 12022.7(a)), criminal threats with personal use of a deadly weapon ((Cal. Penal Code §§ 422, 12022(b)(1)), battery with infliction of serious bodily injury (Cal. Penal Code §§ 243(d)(4), willful infliction of corporate injury on a former cohabitant with personal infliction of great bodily injury (Cal. Penal Code §§ 273.5(a), 12022.7(a)), 664, 12022.7(a)), two counts of misdemeanor child abuse (Cal. Penal Code §§ 273a(a), 664, 12022.7(a)), and misdemeanor battery ((Cal. Penal Code § 242). (Pet. Ex. A at 2). The trial court imposed a term of twelve years, consisting of a nine year aggravated term for the attempted second degree murder and three years for infliction of great bodily injury, while staying the terms on the remaining felony convictions and imposing concurrent six

month terms on the misdemeanor child abuse conviction. (Answer at 2; Pet. Ex. A at 2-3).

Petitioner appealed his conviction to the California Court of Appeal, Fifth Appellate District, which issued a reasoned opinion on December 20, 2007, affirming the decision except as to one count of misdemeanor child abuse. (*See* Pet. Ex. A).

Petitioner filed a petition for review with the California Supreme Court, which issued an order denying review on March 12, 2008. (Lod. Docs. 2, 3).

On November 7, 2008, Petitioner filed the instant federal petition for writ of habeas corpus with this court. On April 3, 2009, Respondent filed a response to the petition.

Consent to Magistrate Judge Jurisdiction

On December 1, 2008, Petitioner consented, pursuant to Title 18 U.S.C. section 636(c)(1), to have a magistrate judge conduct all further proceedings, including the entry of final judgment. (Court Doc. 7). Respondent consented to the jurisdiction of a magistrate judge on February 4, 2009. (Court Doc. 13). On February 19, 2010, the case was reassigned to the undersigned for all further proceedings. (Court Doc. 23).

## **FACTUAL BACKGROUND**[1]

On April 21, 2006, appellant Lino Manuel Pérez's former live-in girlfriend María and her four-year-old granddaughter Gabrielle went to a school softball game to watch María's eight-year-old granddaughter Monique play. Just after the game began, María's daughter Janette arrived from work and joined María and Gabrielle in the stands.

After the game, María and Gabrielle walked hand-in-hand to the parking lot and, as María opened the door of her van to put Gabrielle inside, she suddenly saw Pérez right in front of her. He asked her, "Don't you think you punished me long enough already by keeping me away from you?" He grabbed María by the hair, punched her in the eye, and pulled out a knife from inside his jacket. He stabbed her, time after time, inflicting deep gashes to her face, throat, chest, and hands, as he angrily told her, over and over, "You're going to die."

Falling to the ground, María managed to grab the knife from Pérez's hand. Janette struggled to keep him away from María. One of Monique's coaches tackled him and stayed on top of him until Janette, an off-duty district attorney's office

---

[1] These facts are derived from the California Court of Appeal's opinion issued on December 20, 2007. (*See* Pet. Ex. A). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a determination of fact by the state court is presumed to be correct unless Petitioner rebuts that presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *see also Sanders v. Lamarque*, 357 F.3d 943, 948 (9th Cir. 2004). Here, Petitioner has not presented evidence that would permit the Court to set aside the presumption of correctness that has attached to the State court's factual findings.

investigator, handcuffed him.

(Pet. Ex. A, Opinion of the California Court of Appeal, Fifth Appellate District, at 1-2).

**DISCUSSION**

**I.     Jurisdiction and Venue**

A person in custody pursuant to a state court judgment may petition a district court for relief by way of a writ of habeas corpus if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); *Williams v. Taylor*, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. As Petitioner's custody arose from a conviction in the Fresno County Superior Court, the Court has jurisdiction over Petitioner's application for writ of habeas corpus. *See* 28 U.S.C. § 84(b) (listing as part of this Court's judicial district Fresno County); *see also* U.S.C. § 2241(d) (vesting concurrent jurisdiction for an application for writ of habeas corpus to the district court where the petitioner "is in custody or in the district court for the district within which the State court was held which convicted and sentenced him" if the State "contains two or more Federal judicial districts").

**II.    ADEPA Standard of Review**

On April 24, 1996, Congress enacted the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for a writ of habeas corpus filed after the statute's enactment. *Lindh v. Murphy*, 521 U.S. 320, 326-327 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied*, 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107 (1997), *overruled on other grounds by Lindh*, 521 U.S. 320 (holding AEDPA only applicable to cases filed after statute's enactment)). As the instant petition was filed in 2008, AEDPA's provisions governs the Court's adjudication of the petition. *Lockyer v. Andrade*, 538 U.S. 63, 70 (2003); *see also Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1126-1127 (9th Cir. 2006) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) in holding that, "[s]ection 2254 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction'"). Consequently, the petition for habeas corpus

"may be granted only if he demonstrates that the state court decision denying relief was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Irons v. Carey*, 505 F.3d 846, 850 (9th Cir. 2007) (quoting 28 U.S.C. § 2254(d)(1)); *see Lockyer*, 538 U.S. at 70-71.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" *Lockyer*, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id*. (quoting *Williams*, 592 U.S. at 412). "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id*.

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Lockyer*, 538 U.S. at 72, (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413; *see also Lockyer*, 538 U.S. at 72. "Under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the State court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

\\\
\\\
\\\

Petitioner bears the burden of establishing that the state court's decision is contrary to or involved an unreasonable application of United States Supreme Court precedent. *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003); *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999). Furthermore, AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). We are bound by a state's interpretation of its own laws. *Souch v. Schaivo*, 289 F.3d 616, 621 (9th Cir. 2002).

The initial step in applying AEDPA's standards requires a federal habeas court to "identify the state court decision that is appropriate for our review." *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005). Where more than one State court has adjudicated Petitioner's claims, the Court analyzes the last reasoned decision. *Id*. (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) for the presumption that later unexplained orders, upholding a judgment or rejecting the same claim, rests upon the same ground as the prior order). Thus, a federal habeas court looks through ambiguous or unexplained state court decisions to the last reasoned decision in order to determine whether that decision was contrary to or an unreasonable application of clearly established federal law. *Bailey v. Rae*, 339 F.3d 1107, 1112-1113 (9th Cir. 2003). Here, the California Court of Appeal and the California Supreme Court were the only courts to have adjudicated Petitioner's claim. As the California Supreme Court summarily denied Petitioner's claims, the Court looks through those decisions to the last reasoned decision; namely, that of the California Court of Appeal. *See Ylst v. Nunnemaker*, 501 U.S. at 804.

### III. Review of Petitioner's Claim

The instant petition for writ of habeas corpus seemingly contains two grounds for relief[2]–specifically, Petitioner contends that the trial court's imposition of the upper term and the trial court's issuance of CALCRIM Nos. 103 and 220 violated his constitutional rights.

---

[2] In the areas marked grounds for relief, Petitioner references the attached memorandum (Court Doc. 2), which contains the two grounds for relief discussed herein.

### *A.  Imposition of Upper Term*

The trial court imposed a sentence consisting in part of an upper term of nine years for the principal offense and remaining felony counts.  Petitioner argues that the trial court's actions violated clearly established federal law, as stated by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny.  In *Apprendi*, the United States Supreme Court overturned a state sentencing scheme as violative of a criminal defendant's right to have a jury verdict based on proof beyond a reasonable doubt.  The sentencing scheme permitted a trial judge to enhance a defendant's penalty beyond the prescribed statutory maximum upon a finding by a preponderance of the evidence that the defendant committed the crime with racial animus.  *Id.* at 469.  The Supreme Court held that the Sixth Amendment right to a jury trial required that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to jury, and proved beyond a reasonable doubt." *Id.* at 490.  In *Blakely v. Washington*, 542 U.S. 296, 303-304 (2004), the high court explained that the "statutory maximum" is the maximum sentence a judge may impose based exclusively on the facts reflected in the jury verdict or admitted by the defendant and not the maximum sentence a judge may impose after finding additional facts.

The United States Supreme Court subsequently found that the imposition of upper terms, as delineated in California's Determinate Sentencing Law, based on facts found by a judge violated a criminal defendant's constitutional rights.  *See Cunningham v. California*, 549 U.S. 270, 293 (2007) (overruling *People v. Black*, 35 Cal.4th 1238 (2005)).  The *Cunningham* court noted that the middle term specified in California's statutes was the relevant statutory maximum for the purpose of applying *Blakely* and *Apprendi*.  The high court thus concluded that the imposition of the upper term based solely upon a trial judge's fact finding violated the defendant's Sixth and Fourteenth Amendment rights because it "assigns to the trial judge, not the jury, authority to find facts that expose a defendant to an elevated 'upper term' sentence." *Id.* at 274.

"[T]he relevant question is not what the trial court *would* have done, but what it legally *could* have done." *Butler v. Curry*, 528 F.3d 624, 648-649 (9th Cir. 2008) (emphasis in original). Only one aggravating factor need to be proven for imposition of the upper term in California.  *See. Black II,* 41 Cal.4th at 806; *Butler*, 528 F.3d at 642-643.  As noted by the California Court of Appeals in

Petitioner's case, the Supreme Court's holding in *Cunningham* contained an exception permitting a trial court to use a prior conviction to impose the upper term. (Pet. Ex. A at 9-10). The appellate court recognized that the trial court found "no circumstances in mitigation and found as circumstances in aggravation, inter alia, that the victim was particularly vulnerable, that he took advantage of a position of trust and confidence, that *his prior convictions as an adult were numerous*, that he was on probation at the time of the crime, and that his prior performance on probation was unsatisfactory." (Id. at 9) (emphasis added).

The appellate court was correct that clearly established Supreme Court precedents permit the imposition of a term beyond the prescribed statutory maximum based on a judge finding's of a prior conviction. *See Almendarez-Torres v. United States*, 523 U.S. 224, 244 (1998) (holding that fact of prior conviction need not be pleaded in an indictment or proved beyond a reasonable doubt).[3] As one of the factors relied upon by the trial court in imposing the upper term was Petitioner's prior convictions and only one factor is required to impose the upper term, the State court's finding was not an objectively unreasonable application of clearly established federal law. Petitioner is not entitled to relief based on this ground.

### B. Instructional Error

Petitioner contends that the issuance of CALCRIM Nos. 103 and 220 was erroneous as they did not adequately convey the concept of proof beyond a reasonable doubt.

Generally, claims based on instructional error under state law are not cognizable on habeas corpus review. *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991) (citing *Marshall v. Lonberger*, 459 U.S. 422, 438 n. 6 (1983)). To obtain federal collateral relief for errors in the jury charge, a petitioner must show that the error so infected the entire trial that the resulting conviction violates due process. *Estelle*, 502 U.S. at 72; *see Henderson v. Kibbe*, 431 U.S. 145, 154 (1977) (quoting

---

[3] Here, the trial court also relied upon Petitioner's probationary status at the time of the arrest. The Ninth Circuit in *Butler*, 528 F.3d at 645, questioned extending the prior conviction exception to facts not apparent on the face of the conviction and ultimately concluded that the exception does not apply to probationary status. However, the Ninth Circuit has also recognized that a state court's reliance on probationary status is not an objectively unreasonable application of clearly established federal law. *See Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-679 (9th Cir. 2009) (noting that a number of other courts had reached a different conclusion, thereby making the state court's finding that the prior conviction exception included probationary status not an objectively unreasonable application of clearly established federal law).

*Cupp v. Naughten*, 414 U.S. 141, 146-47 (1973) in finding that a habeas court must not merely consider whether an "instruction is undesirable, erroneous, or even universally condemned" but must instead determine"'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process'"). An erroneous jury instruction "directed toward an element of the offense may rise to the level of a constitutional defect." *Byrd*, 566 F.3d at 862 (citing *Neder v. United States*, 527 U.S. 1, 9-10 (1999)). "Due process requires that jury instructions in criminal trials give effect to the prosecutor's burden of proving every element of the crime charged beyond a reasonable doubt. [Citation] 'Nonetheless, not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation.'" *Townsend v. Knowles*, 562 F.3d 1200, 1209 (9th Cir. 2009) (quoting *Middleton v. McNeil*, 541 U.S. 433, 437 (2004) (per curiam)). Additionally, "[t]he jury instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record." *Id*. (citation and internal quotation marks omitted). "If the charge as a whole is ambiguous, the question is whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution." *Middleton*, 541 U.S. at 437.

Petitioner is challenging the issuance of CALCRIM No. 103, which states:

> I will now explain the presumption of innocence and the People's burden of proof. The defendant has pleaded not guilty to the charges. The fact that a criminal charge has been filed against the defendant is not evidence that the charge is true. You must not be biased against the defendant just because he has been arrested, charged with a crime, or brought to trial.
> A defendant in a criminal case is presumed to be innocent. This presumption requires that the People prove a defendant guilty beyond a reasonable doubt. Whenever I tell you the People must prove something, I mean they must prove it beyond a reasonable doubt unless I specifically tell you otherwise.
> Proof beyond a reasonable doubt is proof that leaves you with an abiding conviction that the charge is true. The evidence need not eliminate all possible doubt because everything in life is open to some possible or imaginary doubt.
> In deciding whether the People have proved their case beyond a reasonable doubt, you must impartially compare and consider all the evidence that was received throughout the entire trial. Unless the evidence proves the defendant guilty beyond a reasonable doubt, he is entitled to an acquittal and you must find him not guilty.

(CT at 223; 224; RT at 907-908)

Petitioner also challenges the trial court's issuance of CALCRIM No. 220, which states:

> The fact that a criminal charge has been filed against the defendant is not evidence that the charge is true. You must not be biased against the defendant just

> because he has been arrested, charged with a crime, or brought to trial.
> A defendant in a criminal case is presumed to be innocent. This presumption requires that the People prove a defendant guilty beyond a reasonable doubt. Whenever I tell you the People must prove something, I mean they must prove it beyond a reasonable doubt.
> Proof beyond a reasonable doubt is proof that leaves you with an abiding conviction that the charge is true. The evidence need not eliminate all possible doubt because everything in life is open to some possible or imaginary doubt.
> In deciding whether the People have proved their case beyond a reasonable doubt, you must impartially compare and consider all the evidence that was received throughout the entire trial. Unless the evidence proves the defendant guilty beyond a reasonable doubt, he is entitled to an acquittal and you must find him not guilty.

(CT at 237-238; RT at 2996-2997).

Petitioner contends that the use of the phrase "abiding conviction" alone in those two jury instructions fails to convey the "subjective certitude" required to define proof beyond a reasonable doubt. (Pet. Mem. P. & A. at 8). In sum, Petitioner argues that the use of this phrase lead to a lessened burden of proof being imposed upon the prosecution and consequently resulted in a violation of his constitutional rights. The State appellate court rejected this argument, noting that "numerous [California] Court of Appeal opinions have rebuffed challenges to the use of the term" and finding that Petitioner failed to establish that there was a reasonable likelihood that the jury understand those instructions to permit a conviction based on a lesser standard. The Court finds the State appellate court's reasoning to be an objectively reasonable application of Supreme Court precedent as the term "abiding conviction," standing alone, properly conveys the prosecution's burden of proof. *See Lisenbee v. Henry*, 166 F.3d 997, 1000 (9th Cir. 1999) (citing to *Victor v. Nebraska*, 511 U.S. 1, 14-15 (1994) and *Ramirez v. Hatcher*, 136 F.3d 1209, 1214 (9th Cir. 1998) in concluding that "no reason to depart from established precedent expressly affirming jury instructions cast in terms of abiding conviction"); *see also Martinez v. McDonald*, 2010 WL 144863, *3 (E.D. Cal. 2010) (rejecting this very argument against CALCRIM No. 220); *Newton v. Clark*, 2008 WL 256742, *4 (E.D. Cal. 2009) (rejecting same argument raised against both CALCRIM Nos. 220 and 103). Thus, the Court finds Petitioner cannot obtain habeas corpus relief on this ground.

\\\

\\\

\\\

**IV.     Certificate of Appealability**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides that a circuit judge or judge may issue a certificate of appealability where "the applicant has made a substantial showing of the denial of a constitutional right." Where the court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 123 S.Ct. at 1034; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:     March 1, 2010**               /s/ John M. Dixon
                                                    UNITED STATES MAGISTRATE JUDGE

U.S. District Court
E. D. California

10